OPINION
{¶ 1} Appellees, Thomas and Cheryl DiGiroloma and Gary and Sue Ellen Bolden, live in Wood Moor Allotment No. 7 in Jackson Township. In the fall of 1999, the DiGirolomas erected an outbuilding on their property. The Boldens erected an outbuilding on their property a year later. In December of 2000, appellant, Wood Moor Homeowners' Association, sent appellees letters informing them their respective outbuildings violated the deed restrictions. The outbuildings were not removed. As a result, appellant filed a complaint against appellees on May 16, 2002. Appellant sought an injunction for the removal of the outbuildings.
 {¶ 2} A hearing before a magistrate was held on December 5, 2002. By decision filed January 29, 2003, the magistrate found in favor of appellees, finding appellant has not "uniformly enforced the restrictions and have not set reasonable parameters for the exercise of consent." Appellant filed objections. By judgment entry filed June 5, 2003, the trial court denied the objections and approved and adopted the magistrate's decision.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The findings of the magistrate, adopted by the trial court, that `[a] general scheme or de facto plan is not evident to a lot owner in the wood moore tract,' and that appellee gary bolden `could not see a uniform scheme within the allotment for outbuildings and other structures,' are against the manifest weight of the evidence."
 II {¶ 5} "The findings of the magistrate, adopted by the trial court, that `[t]he designated or stated restriction within which the approval should operate has been enforced arbitrarily and without reasonable parameters for consent,' and `in the case at bar, the original developer and the present property owners association have not uniformly enforced the restrictions and have not set reasonable parameters for the exercise of consent,' are against the manifest weight of the evidence."
 III {¶ 6} "The findings of the magistrate, adopted by the trial court, that `[t]he association [appellant] circulated a letter arbitrarily disapproving of said structures . . .' is contrary to the manifest weight of the evidence."
 IV {¶ 7} "The trial court erred as a matter of law in failing to enforce the deed restriction requiring appellees to submit plans for their outbuildings, including size, location, type, cost, materials, color scheme and grading, to the appellant or its predecessor."
 V {¶ 8} "The trial court erred as a matter of law in failing to issue an injunction ordering the removal of the appellees' storage sheds."
 I, II, III, IV {¶ 9} These assignments of error challenge the trial court's specific findings of fact as being against the manifest weight of the evidence. We disagree.
 {¶ 10} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v.Garson, 66 Ohio St.3d 610, 1993-Ohio-9.
 {¶ 11} Appellant claims the following findings are not supported by the record:
 {¶ 12} 1. "[A] general scheme or de facto plan is not evident to a lot owner in the Wood Moor tract."
 {¶ 13} 2. "Gary Bolden * * * could not see a uniform scheme within the allotment for outbuildings and other structures."
 {¶ 14} 3. "[T]he designated or stated restriction within which the approval should operate has been enforced arbitrarily and without reasonable parameters for consent."
 {¶ 15} 4. "In the case at bar, the original developer and the present property owners association have not uniformly enforced the restrictions and have not set reasonable parameters for the exercise of consent."
 {¶ 16} 5. "[T]he Association circulated a letter arbitrarily disapproving of said structures."
 {¶ 17} We have only the testimony of Thomas DiGiroloma Jr., Michael Hunter and Gary Bolden, and the rebuttal testimony of Paul Robinson to review relative to these findings of fact.
 {¶ 18} It is undisputed that historically, the original grantor (Eugene Seifert/Wood Moor Homes, Inc.) had not enforced the deed restrictions from 1994-1998. T. at 87, 98. In fact, appellant was not organized until the fall of 2000. See, Complaint filed May 16, 2002. The homeowners who testified were not familiar with appellant. Numerous exhibits were presented. Photographs were submitted of various other outbuildings, gazebos, chain link fences, trailers, dump trucks, utility trailers, boats, campers, playhouses, swimming pools, cabanas and sheds, all of which existed and were in technical violation of the deed restrictions. T. at 142-149, 185, 188. Mr. DiGiroloma testified he was not aware of any entity to review plans for outbuildings when he began construction on his structure in 1999. T. at 88. Mr. Bolden stated there was no uniform scheme:
 {¶ 19} "Well, there was no, ah, as far as I could see in regards to, ah, structures other than residences, ah, I didn't see a uniform plan being enforced. Ah, I saw pool cabanas, utility sheds, playhouses, play equipment of various kinds, so I could see no uniform plan." T. at 159.
 {¶ 20} Mr. Robinson, appellant's president, circulated a letter to all of the homeowners in Allotment No. 7 except for appellees. This letter informed the homeowners appellant was initiating legal action regarding appellees' outbuildings, and advised the homeowners not to sign petitions to waive the restriction. Defendant's Exhibit I. Mr. Bolden testified this letter caused him to withdraw his petition as he needed to obtain approval from seventy-five percent of the homeowners and "the well had been poisoned." T. at 150-151.
 {¶ 21} Upon review, we find sufficient evidence in the testimony presented for our review to substantiate the findings questioned by appellant.
 {¶ 22} Assignments of Error I, II, III and IV are denied.
 V {¶ 23} Appellant claims the trial court erred as a matter of law in failing to enforce the deed restriction and grant the injunction. We disagree.
 {¶ 24} The deed restriction at issue states the following in pertinent part:
 {¶ 25} "1. Said premises shall be used solely and exclusively for single-family private residence purposes. No buildings or structures (including swimming pools, fences and walls) or any additions thereto or any alterations thereof shall be erected, reconstructed, placed or suffered to remain upon said premises unless and until, the size, location, type, cost, use, the materials of construction thereof, the color scheme therefore, the grading plan of the lot, including the grade elevation of said buildings and structure, the plot plan showing the proposed location of said buildings and structure upon said premises and the plans, specifications and details of said buildings and structures shall have been approved in writing by the grantor and a true copy of said plans, specifications and details shall have been lodged permanently with the grantor, and no buildings or structures, except such as conform to said plans, specifications and details shall be erected, reconstructed or suffered to remain upon said premises.
 {¶ 26} "10. No buildings of any kind shall be moved upon any lot and no buildings shall be constructed containing any used or second hand materials. No chain link fence or fences shall be installed, built or maintained on said lot. No structure of a temporary character, trailer, basement, tent, shack, garage or other outbuilding shall be used at any time as a residence either temporarily or permanently. All structures erected on said premises shall be completed within one year from the date the construction is commenced."
 {¶ 27} The general rule governing the enforceability of a restriction upon the use of land is stated in Dixon v. VanSweringen Co. (1929), 121 Ohio St. 56, syllabus:
 {¶ 28} "`Where an owner of land has adopted a general building scheme or plan for the development of a tract of property, designed to make it more attractive for residential purposes by reason of certain restrictive agreements to be imposed upon each of the separate lots sold, embodying the same in each deed, such agreements will generally be upheld provided the same are not against public policy."'
 {¶ 29} Appellant argues appellees' knowledge and disregard of the deed restriction is sufficient to permit enforcement of the restriction.
 {¶ 30} As noted in the previous assignments of error, it is clear on the record there was no general plan or scheme because various outbuildings are in existence within Wood Moor Allotment No. 7. The trial court found these were not "reasonable parameters for consent." The evidence is also clear there was no entity the homeowners could apply to for approval. Further, Mr. Robinson's testimony demonstrates inconsistent handling of violations. For example, one homeowner is forgiven for a violation because of personal problems, a divorce, another is given leeway because the vehicle in dispute was used for business purposes, and homeowners with chain link fences have been left alone. T. at 214, 219.
 {¶ 31} We find there is sufficient evidence to support the legal conclusions of a lack of "a general scheme or de facto plan" and the absence of "reasonable parameters for the exercise of consent."
 {¶ 32} Upon review, we find the trial court did not err in denying the injunction.
 {¶ 33} Assignment of Error V is denied.
 {¶ 34} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Wise, J. and Edwards, J. concur.